**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STEPHEN AUFLEGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-634-HE |
| | ) | |
| STATE OF OKLAHOMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, appearing pro se, submitted to this Court for filing a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The matter has been referred by Chief United States District Judge Joe Heaton for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

By Order [Doc. No. 4] dated June 13, 2016, Plaintiff was directed to cure deficiencies including submitting a filing fee or in forma pauperis motion, and submitting a signed complaint on the proper form. Plaintiff was directed to cure these deficiencies by July 5, 2016. Plaintiff was further advised that failure to cure these deficiencies could result in dismissal of this action without prejudice to refiling.

Plaintiff failed to cure the deficiencies by July 5, 2016. By Order [Doc. No. 5] dated July 11, 2016, rather than recommending dismissal of the action for failure to comply with the June 13, 2016 Order, the Court sua sponte gave Plaintiff additional time until July 25, 2016, in which to cure the deficiencies. Plaintiff was again advised that failure to comply with the terms of the Order could result in dismissal of this action without prejudice to refiling.

A review of the Court file reveals that as of this date, Plaintiff has failed to comply with the Court's previous orders. Plaintiff has not paid the filing fee, submitted an in forma pauperis

motion, submitted a signed complaint on the proper form, requested an extension of time or demonstrated good cause for his failure to cure the deficiencies. Thus, the action is subject to dismissal without prejudice to refiling. *See* 28 U.S.C. § 1914; LCvR 3.2 and 3.3; *see also AdvantEdge Business Group v. Thomas E. Mestmaker & Assocs., Inc*., 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (citation omitted). Where, as here, a dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order. *Id.* Accordingly, Plaintiff's action should be dismissed without prejudice to refiling.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Plaintiff's action be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by August 17, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## <u>STATUS OF REFERRAL</u>

This Report and Recommendation terminates the referral by the Chief District Judge in this matter.

ENTERED this 27th day of July, 2016.

_____

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE
